UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
MAY 2 5 2010
PER ⎯⎯⎯⎯⎯⎯⎯⎯
DEPUTY CLERK

RODNEY GALINDO,

    Petitioner

v. : CIVIL NO. 3:CV-09-2408

RICARDO MARTINEZ, : (Judge Kosik)

    Respondent

## MEMORANDUM

**I.**   **Background**

Rodney Galindo, an inmate presently confined at the United States Penitentiary at Allenwood (USP-Allenwood), Pennsylvania, proceeding pro se, originally initiated this proceeding in the United States District Court for the Western District of Louisiana as a petition for writ of mandamus. In the petition, Galindo alleges that the BOP is unlawfully compelling him to pay a specific amount of money that it is not lawfully authorized to have him pay. Specifically, he contends that the BOP is without authority to collect restitution payments under the BOP's Inmate Financial Responsibility Program (IFRP), and that only the sentencing court possesses the authority to determine the amount of, set a schedule for, and collect payments.

Following transfer of the matter to this court, we construed Galindo's filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and directed service. (Doc. 7.) On May 4, 2010, a response to the petition was filed. (Doc. 10.) No traverse has been submitted by Galindo. The matter is presently ripe for consideration and, for the reasons that follow, will be dismissed without prejudice for failure to exhaust administrative remedies.

## II. Discussion

On July 11, 2002, in the United States District Court for the Western District of Texas, Galindo was re-sentenced in criminal case number P-00-CR-099-F on drug charges from a 100 month term of imprisonment to an 84 month term of imprisonment. (Doc. 10, Ex. A, Attach. 1.) He was also ordered to serve a 4 year term of supervision, and was ordered to pay a $200.00 special assessment "which shall be due immediately." He was not ordered to pay any restitution. (Id. at 5.)

Galindo was also sentenced on November 17, 2005, in the United States District Court for the Western District of Louisiana, in criminal case number 1:04-10022-02 to a 180 month term of imprisonment for Conspiracy to Murder; Assault with Intent to Murder; Assault with Intent to do Bodily Harm; and Traffic in Contraband. (Doc. 10, Ex. A, Attach. 2 at 2-3.) He was also ordered to serve a 5 year term of supervision, pay a $400.00 assessment and a fine of $3,000.00. Interest on the fine was waived. The court assessed Galindo's ability to pay, and ordered that the

total criminal monetary penalties were due immediately. (Id. at 6.) Galindo has a projected release date of October 20, 2019, via Good Conduct Time Release. (Id., Ex. A, Attach. 3.)

The BOP established Program Statement 5380.08, entitled "Inmate Financial Responsibility Program" (IFRP), dated August 15, 2005, to encourage sentenced inmates to meet their legitimate financial obligations. (Doc. 10, Ex. A, Attach. 4.) When inmates have a financial obligation, members of the inmate's Unit Team assist the inmate and develop a financial plan to meet their obligations. Financial plans include the following obligations, ordinarily paid in the priority listed: Special Assessments imposed under 18 U.S.C. § 3013; court-ordered restitution; fines and court costs; state or local court obligations; and other Federal government obligations. (Id. at 11.)

Galindo arrived at USP-Allenwood on November 24, 2008, from the USA Administrative Maximum in Florence, Colorado. He had paid the $200.00 special assessment ordered in case P-00-CR-099-F in full. He made six $25.00 payments and one $50.00 payment from January 3, 2001, through December 5, 2001 to fulfill this obligation. Galindo has also paid $350.00 of the $400.00 assessment ordered by the court in 1:04-10022-02, and has an unpaid balance of $50.00 as of April 26, 2010. (Doc. 10, Ex. A, Attach. 5 at 2.) Specifically, he made fourteen $25.00 payments starting on September 14, 2006. The BOP is still collecting payments towards the

3

outstanding balance of $50.00 on his assessment. With respect to the $3000.00 fine ordered in 1:04-10022-02, Galindo has not yet made any payments as of April 26, 2010. The BOP will attempt to collect this amount upon completion of payment of the remaining $50.00 balance on the $400.00 assessment.

Respondent argues that the pending petition should be dismissed on the basis of failure to exhaust administrative remedies. In the alternative, Respondent maintains that the petition should be denied in that it lacks merit.

It is well-settled that "[a] federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all available administrative remedies." Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981). A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate. Young v. Quinlan, 960 F.2d 351, 356 (3d Cir. 1992). Exhaustion is only excused where pursuit of administrative remedies would be futile, the agency's actions clearly and unambiguously violate statutory or constitutional rights, or the administrative procedures would be inadequate to prevent irreparable harm. Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

The BOP has a well established three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19. After attempting to informally resolve the issue, a BOP

4

inmate can initiate the first step of the grievance process by submitting "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within twenty (20) calendar days "following the date on which the basis for the Request occurred." See 28 C.F.R. § 542.14(a). The Warden has twenty (20) calendar days from the date the Request or Appeal is filed in which to respond. See 28 C.F.R. § 542.18. If not satisfied with the Warden's response, an inmate may appeal on the appropriate form (BP-10) to the Regional Director within twenty (20) calendar days of the date the Warden signed the response. See 28 C.F.R. § 542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed on the appropriate form (BP-11) to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

Respondent contends that Galindo has not filed any administrative remedies since he has been incarcerated with the BOP. In support of this argument, Respondent submits the declaration made under penalty of perjury by K. Michael Sullivan, Senior Attorney at FCC-Allenwood, Pennsylvania. (Doc. 10, Ex. A.) On April 26, 2010, Sullivan conducted a search of the BOP's SENTRY computerized index of all administrative appeals filed by inmates to determine whether or not

Galindo has exhausted available administrative remedies with respect to the issue raised in this petition. (Id. at ¶ 23.) The search revealed that Petitioner has not filed any administrative remedies since he has been incarcerated with the BOP. (Id. at ¶ 25; Attach. 6.)

As such, it is evident that Galindo has failed to even attempt to resolve his IFRP related claims via the BOP's administrative review procedure prior to initiating the instant petition. There is no indication in the record that it would be futile for Galindo to fully exhaust his available BOP remedies, or that any of the other exceptions set forth in Lyons exist. The court further notes that Galindo has failed to submit a reply to Respondent's exhaustion argument setting forth any reason why exhaustion should be excused in this case.

While Respondent addresses the merits of Galindo's petition in the alternative, and sets forth a strong argument in support of the denial of the instant petition, the court will not address Galindo's claim on the merits, but rather dismiss the action under the standards developed in Moscato and Ridley; see also Stewart v. Holt, No. 3:cv-07-1724, 2009 WL 2366551 (M.D. Pa. July 30, 2009)(Vanaskie, J.) To hold otherwise would undermine the entire purpose of the exhaustion doctrine by allowing prisoners to disregard the administrative remedy process and seek relief by invoking the judicial process without first allowing the BOP the opportunity to address the issue. An appropriate order follows.